995 F.2d 305
 301 U.S.App.D.C. 405
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Glen KUMM, Kumm Farms, Inc., Kumm, Inc., Gaylord Kumm and
Myron Kumm, Appellants,
v.
UNITED STATES of America, Hon. Michael Espy, Secretary of
Agriculture and Hon. Thomas Von Garlem, Acting Deputy
Administrator, State and County Operations, Agricultural
Stabilization and Conservation Service, U.S. Dep't of
Agriculture, Appellees.
 No. 92-5011.
 United States Court of Appeals, District of Columbia Circuit.
 May 26, 1993.
 
 Before: WALD, HENDERSON, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the Department of Agriculture, the proceedings in the district court, the briefs filed by the parties and oral arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 We review the decisions of the Deputy Administrator, State and County Operations (DASCO) to ensure they are not "arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2); Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 413-14 (1971). The DASCO noted that the family members were jointly and severally liable for repayment of various loans and that they engaged in additional business transactions at other than arm's length. DASCO Letter at 2 (Feb. 28, 1990). The record supports these findings. The DASCO's decision that the Kumms did not meet the regulatory standard for separate payments was thus reasonable. See 7 C.F.R. § 795.3(b).
 
 
 3
 The regulations provide for the possibility of relief from the financial burden of a belated "one person" determination. 7 C.F.R. § 795.24. The DASCO has the discretion to forego repayment in a particular case, a decision to be based in part on whether the producers acted in "good faith." Id. While the Kumms claim the County Agricultural Stabilization and Conservation (ASC) Committee approved separate payments knowing full well the family's financial arrangements, the record does not indicate that the committee members were aware of the complete scope of the Kumms' dealings. Furthermore, the Kumms did not disclose fully their financing arrangements in either the Farm Operating Plans they submitted to their County ASC Committee in 1987 and 1988, or in the Farm and Home Plans they prepared in 1985 and 1986 for the Farmers Home Administration. The agencies were entitled to rely on these forms, which should have revealed in detail the Kumms' business relationships. The DASCO reasonably concluded that the Kumms did not "accurately report the financing arrangements of the operations," and that the Kumms' persistent failure to provide such information made relief undeserved. DASCO Letter at 2 (Feb. 28, 1990).
 
 
 4
 The Kumms' procedural objections are meritless. The DASCO and the district court relied on evidence in the administrative record. The DASCO's choice to conduct a limited hearing is consistent with the applicable regulations and in this case does not represent an abuse of discretion. See 7 C.F.R. § 780.8.
 
 It is, accordingly
 
 5
 ORDERED and ADJUDGED that the judgment of the district court is affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).